IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America

        Plaintiff,               Case No. 3:16-cr-77

v.                                Judge Thomas M. Rose

William Johnson, Jr.

        Defendant

---

ENTRY AND ORDER DENYING DEFENDANT'S 41(g) MOTION

FOR RETURN OF PROPERTY (DOC. 32)

---

        This matter comes before the Court on Defendant's Federal Rule of Criminal Procedure 41(g) Motion for Return of Property (Doc. 32) filed on March 6, 2020. The Government filed a Response (Doc.33) on March 27, 2020.

        In requesting the return of currency and personal property, the Defendant acknowledged that said currency and property, as a result from a criminal investigation, was seized by the Government on October 7, 2014. The ATF executed search warrants at residences used by the Defendant in Dayton, Ohio. The monies and property seized was subsequently used as evidence in the criminal proceedings against the Movant/Defendant. However, Defendant asserts that since the resulting criminal proceedings have been resolved or terminated he is entitled to the return of the property and currency seized. Defendant/Movant in support of his argument cites *United States v Wright* 2014 U.S. Dist. LEXIS 153640 (S.D. Ohio), although the currency/property in that case, unlike here, was not found to be contraband and had not previously been forfeited.

        As background to this Motion, the ATF did execute search warrants on October 7, 2014 which resulted in the seizure of the monies and property which are the subject of this Motion. Simultaneously and as a result of the investigation and seizure, a complaint was filed against

Defendant charging him with conspiracy to distribute 40 grams or more of a mixture of substance containing a detectable amount of N-phenyl-N-[1-(2-phenyethyl)-4-piperidinyl] in violation of 21 U.S.C. §§841(a)(1)&(b)(1)(B)(vi), all in violation of 21 U.S.C. §848. Subsequently on December 3, 2014, the ATF initiated an administrative forfeiture proceeding against the subject currency by sending a written Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings (Exhibit 1 of Government's Response) to the Defendant. After the Defendant was served and failed to file a timely claim, contesting the forfeiture of the subject currency, the ATF entered a Declaration of Forfeiture on February 11, 2016 (Exhibit 2 of Government's Response). Additionally, on July 19, 2016, the Defendant entered a plea pursuant to a plea agreement with the United States in which he agreed to plead guilty to Count 1 of an Information which resulted from this ATF investigation, the subsequent charges and the search and seizure of the subject currency and property. In the plea agreement the Defendant agreed to the immediate forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation, including but not limited to, the seized firearms and ammunition. (Doc. 21). Defendant did knowingly, intelligently and voluntarily enter the plea agreement. At Defendant's sentencing, in January 2017, the Court made a finding that the subject currency "was from the distribution of heroin" and, additionally, ordered the forfeiture of the weapons and ammunition.(Doc. 31). Defendant did not appeal the judgment.

     Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. As pointed out by the Government, the general rule is that seized property, other than contraband, should be returned to the rightful owner once the criminal proceedings have terminated. However, any currency or property to be the object of a Rule 41(g) proceeding must be property other than contraband which was seized in a lawful search and seizure or was forfeited, as in this case. Additionally, due to the fact the ATF entered a Declaration of Forfeiture against the currency, on February 11, 2016, Rule 1(a)(5)(B) of the Federal Rules of Criminal Procedure clearly provide that the Federal Rules of Criminal Procedure do not govern a "civil property forfeiture for violating a federal statute."

For these reasons, the Court finds Defendant's Motion for Return of Property (Doc. 32) not well-founded and is, therefore DENIED.

IT IS SO ORDERED.

Date: May 7, 2020                                   *s/Thomas M. Rose

                                                    _____
                                                    THOMAS M. ROSE
                                                    UNITED STATES DISTRICT COURT JUDGE